## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**DAVID MONTOYA and**
**MICHAEL MONTOYA,**

      Plaintiffs,

**vs.**

                                **<u>JURY TRIAL DEMANDED</u>**

**GERALD SHELDON, an Officer Employed**
**by the Albuquerque Police Department, a Subsidiary**
**of the City of Albuquerque, Individually and in his Official Capacity,**
**ANGELO LOVATO, an Officer Employed**
**by the Albuquerque Police Department, a Subsidiary**
**of the City of Albuquerque, Individually and in his Official Capacity,**
**THE CITY OF ALBUQUERQUE and**
**THE ALBUQUERQUE POLICE DEPARTMENT,**

      Defendants.

## <u>PLAINTIFFS' COMPLAINT FOR CIVIL RIGHTS VIOLATIONS</u>

      **COMES NOW**, the Plaintiffs, by and through their attorneys, Timothy M. Padilla and

Associates, P.C., by Timothy M. Padilla, and brings this Complaint for violations of their civil

rights under the Fourth and Fourteenth Amendments to the United States Constitution and 42

U.S.C. § 1983, and allege as follows:

## <u>JURISDICTION AND VENUE</u>

1. This Court has jurisdiction over this action pursuant to 42 U.S.C. §§ 1983 and

    1988, and 42 U.S.C. §1343.

2. Venue is proper in this district as the parties are all residents of New Mexico and

    all of the acts complained of occurred in the District of New Mexico.

## PARTIES

3.  Plaintiff David Montoya is a resident of the City of Albuquerque, County of Bernalillo, State of New Mexico.

4.  Plaintiff Michael Montoya is a resident of the City of Albuquerque, County of Bernalillo, State of New Mexico.

5.  At all times material to this Complaint, Defendant Sheldon was a law enforcement officer and/or public employee as those terms are defined in the New Mexico Tort Claims Act, NMSA 1978 §§ 41-4-3(D) and (F). At all times material to this Complaint, Defendant Sheldon was acting within the scope and course of his employment and under color of state law.  Defendant Sheldon is being sued both personally and in his official capacities.

6.  At all times material to this Complaint, Defendant Lovato was a law enforcement officer and/or public employee as those terms are defined in the New Mexico Tort Claims Act, NMSA 1978 §§ 41-4-3(D) and (F). At all times material to this Complaint, Defendant Lovato was acting within the scope and course of his employment and under color of state law.  Defendant Lovato is being sued both personally and in his official capacities.

7.  Defendant City of Albuquerque is a political subdivision of the State of New Mexico. At all times material hereto, the City of Albuquerque was a governmental entity and local public body as those terms are defined in the New Mexico Tort Claims Act, NMSA 1978 §§ 41-4-3(B) and (C).  At all times material hereto, the City of Albuquerque was the employer and supervisor of the named Defendants Sheldon and Lovato.

8.  Defendant the Albuquerque Police Department is a department of Defendant City of Albuquerque.

## FACTUAL BACKGROUND

9.  This is a civil action for monetary damages arising from the fact that the Defendants illegally arrested the Plaintiffs and used excessive force during the illegal arrest.

10. Plaintiffs' federal constitutional claims arise under 42 U.S.C. § 1983 and under the Fourth and Fourteenth Amendments to the United States Constitution. The Fourth Amendment to the United States Constitution reads as follows:

    *The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures shall not be violated.*

11. Specifically, on or about April 16, 2007, Plaintiffs were driving southbound on 8th Street near the intersection of Bridge in southwest Albuquerque, to go to the store.

12. Defendant Sheldon was located on foot nearby and informed the Plaintiffs they needed to pull over.

13. Michael Montoya was driving the vehicle and David Montoya was in the passenger seat.

14. The officer stated to Michael Montoya, the driver, that he was not wearing a seatbelt.

15. Upon being informed of the reason he was pulled over, Michael Montoya promptly and respectfully produced a doctor's note from his treating physician's office, Southwest Healthcare Medical Services, which informed Defendant

Sheldon that Plaintiff Michael Montoya was unable to wear his seatbelt due to a valid medical condition.

16. Pursuant to section 66-7-372 of the New Mexico Traffic Code, "if an occupant of a motor vehicle…possesses a written statement from a licensed physician that he is unable for medical reasons to wear a safety belt...the section shall not apply."

17. Upon both hearing the explanation of Plaintiff Michael Montoya and viewing the note from Michael Montoya Defendant Sheldon informed Plaintiff Michael Montoya it was a "bogus ass note".

18. Next Defendant Sheldon asked Plaintiff Michael Montoya to get out of the car, Defendant Sheldon appeared to be enraged and used profanity towards Plaintiff Michael Montoya.

19. Defendant Sheldon asked Plaintiff Michael Montoya to follow him to the back of Defendant Sheldon's police car, which was located behind Plaintiff's car, to give him a number of violations.

20. Plaintiff Michael Montoya waited patiently while Defendant Sheldon wrote numerous violations for Plaintiff Michael Montoya to sign.

21. Plaintiff Michael Montoya while signing them asked a question regarding one of the violations to clarify a number on the violation when Defendant Sheldon became enraged, and cursed at Plaintiff Michael Montoya, and began to physically assault him.

22. Defendant Sheldon grabbed Plaintiff Michael Montoya by the back of the head and repeatedly slammed his head into the trunk of his police vehicle.

4

23. Defendant Sheldon continued to physically assault Plaintiff Michael Montoya and then placed him under arrest.

24.  Plaintiff David Montoya was merely a passenger in the vehicle, and upon viewing the assault of his brother, Michael Montoya, stepped out of the vehicle to try to reason with the Officers.

25. The Defendant Officers yelled at him to reenter the vehicle and Defendants appeared to be enraged.

26. Next, in a confrontational manner one of the Defendant Officers put on gloves and approached the vehicle where Plaintiff David Montoya was located.

27. After viewing the battery of his brother by the police, out of fear Plaintiff David Montoya locked the door to the car.

28. One of the Defendant Officers pulled out a weapon to break the window, and then Plaintiff David Montoya immediately unlocked the door.

29. Plaintiff David Montoya got out of the car and put his hands in the air in an attempt to cooperate.  He was immediately physically assaulted by the Defendant Officers, placed in handcuffs, and the Defendant Officers utilized mace on him.

30. Plaintiff David Montoya was placed in a police vehicle, with no air holes and with the windows rolled up.  He pleaded for air and was denied.  When the vehicle was parked he was left inside for a lengthy amount of time until he almost passed out from heat exhaustion and believed he was going to die.

31. Plaintiff Michael Montoya, upon informing Defendant Sheldon he suffered from claustrophobia, was forced to place a "gladiator" type helmet on his head, and sit in the back of a police car, while the Defendant Officer rolled up the windows and

turned the heat on high. Upon information and belief Plaintiff Michael Montoya was in the car for two hours.

32. Plaintiff Michael Montoya was charged with disorderly conduct, headlights required, seatbelt use required, and possession of driver's license. All of the charges were dismissed.

33. Plaintiff David Montoya was charged with resisting/evading/obstructing a police officer failure to obey police & fire department, and disorderly conduct. All of the charges were dismissed.

### Count I: UNALWFUL SEIZURE/FALSE ARREST AND USE OF EXCESSIVE FORCE IN VIOLATION OF THE FOURTH AMENDMENT (Michael Montoya)

34. Each and every foregoing allegation is herein incorporated by reference as though fully set forth.

35. Defendants' actions during Plaintiff Michael Montoya's warrantless, unjustified, and unreasonable arrest and detention were such that, as a reasonable person, Plaintiff did not believe he was free to leave.

36. There was no lawful basis for Plaintiff Michael Montoya's detention.

37. The force that Defendants used upon Plaintiff Michael Montoya in order to effectuate this arrest was unnecessary, objectively unreasonable, and excessive under the circumstances.

### Count II: UNALWFUL SEIZURE/FALSE ARREST AND USE OF EXCESSIVE FORCE IN VIOLATION OF THE FOURTH AMENDMENT (David Montoya)

38. Each and every foregoing allegation is herein incorporated by reference as though fully set forth.

39. Defendants' actions during Plaintiff David Montoya's warrantless, unjustified, and unreasonable arrest and detention were such that, as a reasonable person, Plaintiff did not believe he was free to leave.

40. There was no lawful basis for Plaintiff David Montoya's detention.

41. The force that Defendants used upon Plaintiff David Montoya in order to effectuate this arrest was unnecessary, objectively unreasonable, and excessive under the circumstances.

### Count III: UNALWFUL DETENTION/FALSE IMPRISONMENT IN VIOLATION OF THE FOURTH AMENDMENT (Michael Montoya)

42. Each and every foregoing allegation is herein incorporated by reference as though fully set forth.

43. Defendants' actions during Plaintiff Michael Montoya's warrantless, unjustified, and unreasonable detention were such that, as a reasonable person, Plaintiff did not believe he was free to leave.

44. There was no lawful basis for Plaintiff Michael Montoya's detention and he was falsely imprisoned.

### Count IV: UNALWFUL DETENTION/FALSE IMPRISONMENT IN VIOLATION OF THE FOURTH AMENDMENT (David Montoya)

45. Each and every foregoing allegation is herein incorporated by reference as though fully set forth.

46. Defendants' actions during Plaintiff David Montoya's warrantless, unjustified, and unreasonable detention were such that, as a reasonable person, Plaintiff did not believe he was free to leave.

47. There was no lawful basis for Plaintiff David Montoya's detention and he was falsely imprisoned.

## Count V: MALICIOUS PROSECUTION

48. Defendants falsely and maliciously prosecuted Plaintiffs for crimes and abused the process by bringing false charges.

49. Defendant Sheldon perjured himself in a sworn complaint and charged the Plaintiffs with crimes when there was no basis for the crimes.

50. None of the elements for any of the alleged crimes existed and Plaintiffs were never convicted of any crime.

## Count VI: PUNITIVE DAMAGES

51. Each and every foregoing allegation is herein incorporated by reference as though fully set forth.

52. The acts and omissions of Defendants herein were willful, wanton, intentional, malicious, and committed with the intent to cause harm, and said acts and omissions did in fact cause harm to Plaintiffs.

53. The award of punitive damages against Defendants is justified and necessary in order to dissuade defendants and others from behaving in the same or similar fashion in the future.

**WHEREFORE**, Plaintiffs respectfully pray for and demands judgment against the Defendant as follows:

a) For judgment against Defendants for compensatory damages, special damages, consequential damages and incidental damages under any or all of the causes of action, in an amount to be determined at the trial of this cause;

b) For reasonable attorney's fees  and costs incurred herein;

c) For prejudgment and post judgment interest in amounts to be determined according to law;

d) For an award of punitive and exemplary damages, in an amount to be determined at the jury trial of this cause; and

e) For such other relief as the Court deems just and proper.

Respectfully submitted:

**TIMOTHY M. PADILLA & ASSOCIATES, P.C.**

*/s/      Timothy M. Padilla*
Timothy M. Padilla, Esq.
*Attorney for Plaintiffs*
1412 Lomas Blvd. N.W.
Albuquerque, NM 87104
(505)842-0392 Fax: 842-0686