IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DAVID MONTOYA and
MICHAEL MONTOYA,

    Plaintiffs,

vs.                              No. CIV-10-360 JB/WDS

GERALD SHELDON, an Officer Employed
by the Albuquerque Police Department, a
Subsidiary of the City of Albuquerque,
Individually and in his Official Capacity,
ANGELO LOVATO, an Officer Employed
by the Albuquerque Police Department, a
Subsidiary of the City of Albuquerque,
Individually and in his Official Capacity, and
THE CITY OF ALBUQUERQUE,

    Defendants.

**DEFENDANTS' MOTION IN LIMINE TO EXCLUDE INTRODUCTION OF EVIDENCE FROM OTHER CASES OR CLAIMS BROUGHT AGAINST DEFENDANTS AND ANY EVIDENCE OF ALLEGATIONS OF PRIOR AND SUBSEQUENT BAD ACTS AND MEMORANDUM IN SUPPORT THEREOF**

**COME NOW,** Defendants Angelo Lovato and Gerald Shelden (hereinafter "Defendants") by and through their attorney, Assistant City Attorney Stephanie M. Griffin, and pursuant to Fed. R. Evid. 104, 401, 403, and 404, and hereby state the following for their Memorandum in Support of their Motion in Limine to Exclude Introduction of Evidence from Other Cases or Claims Brought Against Defendants and Any Evidence of Allegations of Prior and Subsequent Bad Acts.

**INADMISSIBLE EVIDENCE**

During the trial in this case, Plaintiffs may seek to introduce evidence that is inadmissible under the Federal Rules of Evidence. Although Defendants are unaware of the specific

information Plaintiffs' counsel may attempt to elicit on direct or cross-examination, Defendants Lovato and Shelden have been, and are defendants in other cases.  Since this information is a matter of public record, Defendants presume Plaintiffs are aware of these cases and will seek to introduce information from these unrelated cases into evidence.  Additionally, although nothing has surfaced in discussions between Defendants' and Plaintiffs' attorneys with respect to bad acts, character evidence, or police Internal Affairs files, Defendants seek to ensure Plaintiffs' counsel does not attempt to introduce any such evidence, should it exist, that will inflame and prejudice the jury.  Therefore, Defendants seek to exclude the following evidence (hereinafter "inadmissible evidence"):

   1.   Unrelated cases brought against any of the Defendants

       a.   Officer Lovato has had five other lawsuits and one misdemeanor case filed against him. [See Canizales v. Armendariz et al, 07cv00198 JB-RHS, Doc. 1; Archuleta et al v. City of Albuquerque et al, 07cv00612 JEC-RLP, Doc. 1; Dichiora v. Lovato et al, 08-637 LH-JPL, Doc. 1: and Jacquez et al v. Lovato et al 05cv00829 MV-KBM, Doc. 1 Sierra et al, v. Marquez, 11 cv 00380, JB-RHS Doc. 1; State v. Lovato, CR716911 filed in Metropolitan Court (charge of Leaving the Scene of an Accident)]

       b.   Officer Shelden has had four other lawsuits.  [Curtis v. Sheldon, 07cv1127 JCH-LFG, Doc. 1; Montoya v. Garcia et al, 08cv00478 BB-RLP, Doc. 1; Gallup v. Shelden, 12cv00172 WJ-RHS; Garcia v. Shelden, et al., CV-2012-04100]

   2.   Improper Character Evidence against any of the Defendants (Including Reference to "New Miranda Rights" & other signage from Officer Shelden's police vehicle)

   3.   Investigations from Internal Affairs/Citizen Complaints against any of the Defendants.

**LEGAL ARGUMENT**

**I.   THE INADMISSIBLE EVIDENCE IS NOT RELEVANT EVIDENCE UNDER RULE 401.**

Pursuant to Rule 401 "relevant evidence is defined as:

> evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence

In the instant case, the aforementioned inadmissible evidence is not relevant in proving Plaintiffs' claims against Defendants. Plaintiffs have made claims under 42 U.S.C. § 1983 for unlawful arrest, excessive force, and malicious prosecution. None of the aforementioned inadmissible evidence is probative of these claims as there are no prior or subsequent internal affairs investigations, lawsuits, or cases involving Plaintiffs or any of Plaintiffs' claims. Additionally, there is no evidence that Defendants have had any prior or subsequent encounters with Plaintiffs or that any alleged prior or subsequent "bad acts" on the part of Defendants involved Plaintiffs.

Any alleged "bad acts" should also be precluded from this trial because there will not be a municipal liability claim presented in this case. *See, e.g., Calunsinski v. Kruger*, 24 F.3d 931, 936 (7th Cir. 1994) (trial court properly excluded subsequent incidents involving allegations of excessive force because the plaintiffs did not have any claims against the municipality and because subsequent incidents cannot establish municipal liability); *Reynolds v. City of Little Rock*, 893 F.2d 1004, 1006-07 (8th Cir. 1990) (holding that district court's decision to exclude police department's investigative files on previous instances of deadly force was not erroneous as municipal and supervisory liability claims were not before jury for consideration).

Such inadmissible evidence is also not probative of Plaintiffs' Fourth Amendment claims. For example, with regard to an excessive force claim, the United States Supreme Court said that the "reasonableness" of a particular use of force must be judged, not with 20/20 hindsight, but rather from the perspective of a reasonable officer on the scene, and must allow for the fact that "police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force necessary in a particular situation." *Graham v. Connor*, 490 U.S. 386, 396-97 (1989). To determine whether these Defendants committed any constitutional violation against the Plaintiffs in the case at bar, the individual perspectives of the officers on scene at this specific incident must be assessed, rather than attempting to establish a correlation between this incident and unrelated incidents and scenarios.

Moreover, *Graham*'s "objective reasonableness" standard makes it clear, that for purposes of the Fourth Amendment, a plaintiff is prohibited from showing Defendants' underlying intent or motivation. *See Graham*, 490 U.S. at 397. Instead, *Graham* limits a plaintiff's submission of evidence to only those facts that show that the officer's decision to seize him was not objectively reasonable in light of the facts and circumstances confronting him in this case. *Id.* Thus, to succeed with his Section 1983 claim, Plaintiff must show that Defendants' actions were *not* "objectively reasonable" in light of the facts and circumstances confronting them, without regard to underlying intent or motivation. *Id.* at 397. Therefore, facts and circumstances from other, unrelated instances are not probative of this particular inquiry. *Id.*

The Tenth Circuit has also reasoned that the objective standard precludes admitting evidence related to other claims and cases. *See Tanberg v. Sholtis*, 401 F.3d 1151 (10th Cir. 2005). In *Tanberg, supra,* the plaintiff sought to admit evidence of three other occasions when

Officer Sholtis allegedly arrested individuals without probable cause or used excessive force. *Id* at 1167. However, the trial court granted Officer Sholtis's motion to exclude this evidence on the grounds that it was both irrelevant and highly prejudicial even though Tanberg contended that her proffered evidence was relevant under Fed. R. Evid. 404(b). *Id.* at 1167-68. The Tenth Circuit found that the trial court did not abuse its discretion in precluding evidence of other unrelated incidents since Tanberg's federal claims involved the assessment of Officer Sholtis' conduct under an objective standard. *Id.* The Tenth Circuit also ruled that the trial court did not abuse its discretion in finding that the unrelated claims were irrelevant to Tanberg's state law claims and unfairly prejudicial to the defense. *Id.* at 1168-69

As in the *Tanberg* case, the fact that Defendants have been, or are currently, defendants in other lawsuits or actions or have been the subject of internal affairs investigations is irrelevant to the case at bar. None of those cases or investigations bears any relation to this case. First, the facts and circumstances of the other cases or investigations, which occurred both prior and subsequent to the case at bar, are different from those involved in this case. Also, the Plaintiffs in this case were not involved in any of the incidents giving rise to the other cases, nor are any of the plaintiffs in the unrelated lawsuits or citizens who made complaints involved in the case at bar. Additionally, because the facts, circumstances, and persons involved in the various cases and investigations are different, Defendants' perspective on the scene of the incident in this case is not comparable to the perspective they may have had on the scene of any of the other cases or incidents which were investigated by internal affairs. Therefore, pursuant to Federal Rule of Evidence 401, any cases or claims or investigations unrelated to this case are irrelevant and are inadmissible evidence.

## II. THE INADMISSIBLE EVIDENCE CONSTITUTES IMPROPER CHARACTER EVIDENCE UNDER RULE 404.

Federal Rule of Evidence 404(a) provides that "[e]vidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion . . . ." Fed. R. Evid. 404(a). "This rule is necessary because of the high degree of prejudice that inheres in character evidence. In most instances, [the Tenth Circuit is] unwilling to permit a jury to infer that an individual performed the alleged acts based on a particular character trait." *Perrin v. Anderson*, 784 F.2d 1040, 1044 (10th Cir. 1986) (citing Fed. R. Evid. 404 advisory committee note). Moreover, Federal Rule of Evidence 404(b) states: "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Fed. R. Evid. 404(b). *See also Tanberg*, 401 F.3d at 1167-68. (evidence of several other occasions when officer allegedly arrested individuals without probable cause or used excessive force not admissible in Section 1983 claim against the officer for use of excessive force); *Hopson v. Frederickson,* 961 F.2d 1374, 1379 (8th Cir. 1992) ("showing a 'proclivity to engage' in conduct is the same as showing a propensity to engage in conduct and both are prohibited by [Rule 404(b)]"); *Donald v. Rast*, 927 F.2d 379, 381 (8th Cir.), *cert. denied*, 502 U.S. 827 (1991) (evidence that an officer had been reprimanded on several occasions properly excluded as character evidence); *Berkovich v. Hicks*, 922 F.2d 1018, 1022 (2nd Cir. 1991) (prior complaints against police after showing an aggravated state of mind was improper character evidence); *Jones v. Hamelman*, 869 F.2d 1023, 1027 (7th Cir. 1989) (testimony of inmate regarding the callous indifference by prison official toward the protection of inmates properly excluded, *inter alia*, because it did not fit within a Rule 404(b) exception); *Tyler v. White*, 811 F.2d 1204, 1206 (8th Cir. 1987) (district court did not err in refusing to allow plaintiffs to show that prison officer was transferred to another facility for carrying brass

6

knuckles after the incident in question); *Hirst v. Gertzen*, 676 F.2d 1252, 1262 (9th Cir. 1982) (deputy's prior violent and brutal acts constitute inadmissible character evidence); *Eigeman v. City of Great Falls*, 723 F. Supp. 522 (D. Mont. 1989) (finding that new trial not warranted on basis of newly discovered evidence that police officer was involved in a subsequent unrelated incident because such evidence "would serve to take the focus of the jury away from the question of what actually happened at the time of that confrontation, and direct it to the character of the defendant . . . . This is precisely what Fed. R. Evid. 404 is designed to prohibit.")  To admit other crimes, wrongs, or acts under Federal Rule of Evidence 404(b), the proponent must provide a clear and logical connection between the alleged earlier offense or misconduct and the case being tried.  *See United States v. Hogue*, 827 F.2d 660, 662 (10th Cir. 1987) (discussing the inadmissibility of evidence of prior or subsequent bad acts to show action in conformity therewith).

In the instant case, Defendants' actions in prior and subsequent incidents do not prove that they violated Plaintiffs' civil rights.  Instead, the only thing the internal affairs investigations and unrelated claims/cases tend to prove is Plaintiffs' attempt to imply and/or show that Defendants have bad character and that they acted in conformity with that character in this particular incident.  Rules 404(a) & (b) expressly prohibit such evidence.  Therefore, pursuant to Federal Rule of Evidence 404, this Court should preclude Plaintiffs from offering character evidence and evidence that Defendants engaged in any alleged prior or subsequent "bad acts."

### III.  THE INADMISSIBLE EVIDENCE CANNOT WITHSTAND THE RULE 403 BALANCING TEST.

Even if the inadmissible evidence is somehow relevant and/or fits within one of the exceptions provided by Rule 404(b), this Court should still exclude this evidence under Federal

Rule of Evidence 403 because it cannot withstand the 403 balancing test. Rule 403 reads in pertinent part:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury . . . .

Fed. R. Evid. 403; *see also McEwen v. City of Norman*, 926 F.2d 1539, 1549-50 (10th Cir. 1991) (unfair prejudice "cannot be equated with testimony which is simply unfavorable to a party. It must be unfair in the sense that it would be misleading and not aid and assist the jury in making a material determination in the case.") In this case, any attempt by Plaintiffs to introduce the inadmissible evidence should be precluded because of the danger of unfair prejudice to Defendants and because confusion of the issues will substantially outweigh its probative value. *See, e.g., Tanberg,* 401 F.3d at 1166-68; *Soller v. Moore*, 84 F.3d 964 (7th Cir. 1996); *Berkovich*, 922 F.2d 1018 (2nd Cir. 1991) (finding that district court did not abuse its discretion in observing that introduction of prior complaints against a police officer would "inflame the situation" and thus should be excluded under Rule 403).

In the instant case, evidence regarding Defendants' actions in prior and subsequent unrelated incidents will undoubtedly confuse the issues in this case and mislead the jury, thus making a determination of Plaintiffs' claims on the merits unlikely. Additionally, such evidence would interject collateral issues that would shift the jury's attention away from the subject incident. Hence, in defending against the prejudicial effect of such inadmissible evidence, Defendants would be forced to introduce evidence from each incident to show that Defendants' actions were proper and reasonable. Such a process would undoubtedly result in a series of mini-trials. *See, e.g., Kinan v. City of Brockton*, 876 F.2d 1029, 1034 (1st Cir. 1989) (evidence of prior lawsuits filed against the defendant officer was properly excluded because the admission

of such evidence "would inevitably result in trying those cases or at least portions of them, before the jury.")  Moreover, if Defendants' involvement in unrelated instances of alleged misconduct were admitted at trial, such evidence will unfairly prejudice Defendants.  *See Donald v. Rast*, 927 F.2d 379, 381 (8th Cir. 1991) (evidence of past disciplinary action against officer was not admissible under Rule 403); *Maddox v. City of Los Angeles*, 792 F.2d 1408, 1417 (9th Cir. 1986) (pursuant to Rules 403 and 407, district court properly excluded evidence of police officer's admission, during a disciplinary hearing, of violating city policy).  Thus, this Court should also preclude Plaintiff from offering the inadmissible evidence at trial because such evidence cannot withstand the 403 balancing test.

**WHEREFORE**, Defendants respectfully request this Court grant Defendants' Motion in Limine Motion to Exclude Introduction of Evidence from Other Cases or Claims Brought Against Defendants and Any Evidence of Allegations of Prior and Subsequent Bad Acts.

    Respectfully Submitted,

    CITY OF ALBUQUERQUE
    David Tourek
    City Attorney

    /s/ Stephanie M. Griffin, Assistant City Attorney
    P.O. Box 2248
    Albuquerque, New Mexico 87103
    (505) 768-4500; fax (505) 768-4440

    *Attorney for Defendants*

I hereby certify that a true copy of the foregoing was served via Notice of Electronic Filing to:

Timothy M. Padilla
*1412 Lomas Blvd. N.W.*
*Albuquerque, NM 87104*
*Ph: (505) 842-0392*

Louren Oliveros
Gorence & Oliveros, P.C.
1305 Tijeras Avenue NW
Albuquerque, NM 87102
Phone: (505) 244-0214
Fax:    (505) 244-0888

Attorneys for Plaintiff

on this 31st day of August, 2012.

<u>*/s/* Stephanie M. Griffin, Assistant City. Attorney</u>